UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BURT WAGLE,

        Plaintiff,

v.                                     CASE NO. 2:10-CV-10506
                                     HONORABLE NANCY G. EDMUNDS

MICHIGAN DEP'T. OF CORR., et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND
DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES AND INFORMATION**

I.     Introduction

Michigan prisoner Eddie Burt Wagle ("Plaintiff"), currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees and costs for the civil rights action pursuant to 28 U.S.C. § 1915(a). The Court has granted his application to proceed without prepayment of fees and costs. In his complaint, Plaintiff alleges that he has been denied proper shoes, food, and medical care related to his diabetic condition. He names the Michigan Department of Corrections ("MDOC"), MDOC Director Patricia Caruso, Warden Patricia Barnhart, Health Care Unit Manager B. Skutt, Heath Unit Manager Steve Dolinski, Doctor Khon, Physician's Assistant Paula Mass, Nurse Deborah Walker, MDOC Regional Administrative Assistant Charles Mangus, MDOC Legislative Ombudsman Keith Barber, Correctional Medical Services ("CMS"), Prison Health Services ("PHS"), and several John and

1

Jane Does as defendants in this action. He sues the defendants in their individual and official capacities. Plaintiff seeks injunctive remedies, monetary damages, and other appropriate relief.

II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's claims against certain defendants are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Plaintiff's claims against defendants MDOC, Caruso, Barnhart, Dolinski, Mangus,

2

Barber, and John Does #1, #2, and #3 must be dismissed because Plaintiff has failed to allege any facts demonstrating the personal involvement of those defendants in the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants MDOC, Caruso, Barnhart, Dolinski, Mangus, Barber, and John Does #1, #2, and #3. Any claim that those defendants failed to properly supervise a corrections employee, should be vicariously liable for the employee's action or inaction, erred in denying his grievances, or did not respond to the situation is insufficient to state a claim under § 1983. Plaintiff has also not alleged facts showing that his injuries are the result of any MDOC or prison custom, policy, or regulation, or that any improper conduct arose from the MDOC's deliberate failure to adequately investigate, train, or supervise its employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). His claims against defendants MDOC, Caruso, Barnhart, Dolinski, Mangus, Barber, and John Does #1, #2, and #3 must therefore be dismissed.

Having reviewed the complaint and given the liberal pleading standard for *pro se* actions, the Court finds that Plaintiff's claims against the other defendants are not subject to dismissal at

this time. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (a plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care). Service upon the other defendants is therefore appropriate.

III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants MDOC, Caruso, Barnhart, Dolinski, Mangus, Barber, and John Does #1, #2, and #3. Accordingly, the Court **DISMISSES** Plaintiff's claims against those defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's claims against the remaining defendants are not subject to summary dismissal. Plaintiff, however, has not provided the Court with sufficient copies for service to be made upon those defendants, nor has he specifically identified John Does #4 and #5 and Jane Does #1 and #2 against whom he wishes to file suit. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). When a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint. *See Williams v. McLemore,* 10 F. App'x 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

4

Accordingly, the Court **ORDERS** Plaintiff to submit **10** additional copies of the complaint and attachments for service upon the remaining defendants and to provide the names and addresses of the unidentified John and Jane Doe defendants within **30 DAYS** of the date of this order so that service may be effectuated. The Court shall provide Plaintiff with one copy of the complaint and attachments to assist him in this endeavor. This copy should be returned to the Court with the additional copies. Plaintiff's failure to comply with the Court's Order may result in dismissal of the complaint and/or dismissal of the unidentified defendants.

    **IT IS SO ORDERED.**


    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated: February 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 18, 2010, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer
    Case Manager