**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDDIE WAGLE,**

        **Plaintiff,**                         **CIVIL ACTION NO. 10-CV-10506**

     **vs.**                                 **DISTRICT JUDGE NANCY G. EDMUNDS**

**B. SKUTT, et al.,**                  **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendant Prison Health Services, Inc. (docket no. 19) and the Motion to Dismiss filed by Defendant Correctional Medical Services, Inc. (docket no. 35) be **GRANTED IN PART**.

**II.**    **REPORT**:

These matters come before the Court on two motions. The first motion is Defendant Prison Health Services, Inc.'s ("PHS") Motion to Dismiss. (Docket no. 19). The second motion is Correctional Medical Services, Inc.'s ("CMS") Motion to Dismiss. (Docket no. 35). Plaintiff has filed responses to the motions. (Docket nos. 27, 36). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Thumb Correctional Facility ("TCF") in Lapeer, Michigan. Plaintiff alleges that Defendants CMS and PHS were the medical service providers for

1

the Michigan Department of Corrections when the events giving rise to Plaintiff's claims occurred.

Plaintiff, an insulin-dependent diabetic, alleges that the Defendants were deliberately indifferent to his medical needs when they failed to honor his permanent medical accommodation for special order tennis shoes, forcing him instead to wear ill-fitted state-issued shoes. Plaintiff claims that the state-issued shoes caused him to develop a painful corn on the side of his toe which has resulted in constant foot pain and elevated blood sugar levels because he is not able to exercise. (Docket no. 1 at 6, 8). Plaintiff alleges that the Defendants failed to properly treat his corn. He further alleges that he experienced a high blood sugar episode in 2003 and a low blood sugar episode in 2009 which were not properly treated. (Docket no. 1 at 11, 13). Plaintiff seeks declaratory and injunctive relief, and monetary damages.

With respect to his claims against Defendants PHS and CMS, Plaintiff states that Defendants PHS and CMS instructed prison health care staff not to provide Plaintiff with a prescription or special order shoe. (Docket no. 1, ¶ 48). He further states that Defendants PHS and CMS have conspired with other Defendants to withhold from him proper fitting athletic shoes. (Docket no. 1, ¶ 50). He claims more generally that the MDOC and its employees, and the health care providers and their employees, have conspired to provide diabetic inmates including himself with the least amount of care possible, and have engaged in a pattern of deliberate indifference to his diabetes care. (Docket no. 1, ¶¶ 61, 65).

**B.    Standard**

Defendants PHS and CMS move for an order dismissing Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal

sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**C.     Analysis**

1.     Statute of Limitations

Defendants PHS and CMS argue that Plaintiff's claims related to his high blood sugar incident in 2003 are barred by the three-year statute of limitations applicable to section 1983 claims. In his Complaint Plaintiff alleges that he first presented with symptoms of diabetes in April 2003 while he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He alleges that he had a blood sugar level in excess of 650 mg/dl with ketones in his urine. Plaintiff claims that despite his dangerously high blood sugar level, health care staff at the G. Robert Cotton Correctional Facility simply sent him back to his unit. Three days later he was transferred to the hospital with a blood sugar level in excess of 1000 mg/dl. Plaintiff claims that since his diagnosis he has filed several grievances concerning such issues as shoes, medications, and diet. (Docket no. 1, ¶ 62).

In response to the Defendants' statute of limitations argument, Plaintiff contends that he has alleged a long-term pattern of continuing violations related to his diabetic care which began in 2003. (Docket no. 36). The statute of limitations does not bar events that occurred outside of the

limitations period if they were part of a continuing constitutional violation. To state a claim of continuing violation under 42 U.S.C. § 1983 Plaintiff must allege (1) that the Defendants' wrongful conduct continued after the precipitating event that initiated the pattern, (2) that the Plaintiff's injury continued to accrue after the event, and (3) that further injury to the Plaintiff must have been avoidable if the Defendants had ceased their wrongful conduct. *Tolbert v. Ohio Dep't of Transp.,* 172 F.3d 934, 940 (6th Cir.1999) (citation omitted).

Plaintiff's Complaint states that he received medical treatment within days of when he claims to have first exhibited symptoms of diabetes in 2003. Rather than alleging a pattern of continuing violations beginning in 2003, Plaintiff seeks to recover for discrete acts which occurred well outside of the limitations period. The Court should find that the statute of limitations bars any allegations related to the 2003 incident.

2.    42 U.S.C. § 1983

Plaintiff alleges that the Defendants acted with deliberate indifference to his diabetic care in violation of the Eighth Amendment. Defendants cannot be held liable through *respondeat superior* for the acts or omissions of its employees. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). Rather, Plaintiff must show that Defendant PHS and CMS each created a policy, procedure, or practice the execution of which caused Plaintiff's injury. *Garner v. Memphis Police Dep't.,* 8 F.3d 358, 363-64 (6th Cir. 1993).

Defendants argue that Plaintiff has failed to cite a specific policy or procedure of PHS and CMS that caused the violation of his civil rights. (Docket no. 80 at 11). Plaintiff's Complaint does not identify, or even allege the existence of, any official policy of Defendants PHS or CMS that was the moving force behind the alleged constitutional violations. However, the Complaint does state

4

that MDOC, its health care providers, and employees have set a pattern of deliberate indifference to his diabetes care. (Docket no. 1 at ¶ 61). It also states that MDOC and its employees, and the health care providers and their employees, have set upon a course to provide Plaintiff and other diabetics with the least amount of care possible, resulting in a violation of the Eighth Amendment. In addition, the Complaint alleges that Defendants PHS and CMS have instructed prison health care staff not to provide Plaintiff with a prescription or special order shoe. (Docket no. 1, ¶ 65). Plaintiff alleges that Defendants PHS and CMS were the health care providers for the MDOC during the relevant time period.

Construing Plaintiff's *pro se* Complaint liberally, and viewing the allegations in the Complaint in the light most favorable to the Plaintiff, the Court should find that Plaintiff has stated a claim of deliberate indifference under 42 U.S.C. § 1983 against Defendants PHS and CMS. *See Raub v. Corr. Med. Serv., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (the allegation that CMS has a custom of advising doctors against informing and treating patients with serious illness was sufficient to state a claim under section 1983).

3.     Plaintiff's Conspiracy Claims

Plaintiff alleges that the Defendants conspired with one another to withhold from him proper fitting athletic shoes. (Docket no. 1, ¶ 50). He also alleges that MDOC and its employees, and the health care providers and their employees, have conspired to provide Plaintiff and other diabetics with the least amount of care possible in violation of the Eighth Amendment. (Docket no. 1, ¶ 65). 42 U.S.C. § 1985 proscribes conspiracies to deprive persons of their civil rights. To state a claim under section 1985, the Complaint must allege that the conspiracy was motivated by race or other protected class-based discriminatory animus. *Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir.

5


1998). Plaintiff has not alleged any facts that warrant an inference of racial or discriminatory animus by Defendants PHS and CMS. Therefore, insofar as he has alleged a claim of conspiracy under 42 U.S.C. § 1985, any such claim should be dismissed.

To the extent that Plaintiff has alleged conspiracy claims against Defendants PHS and CMS in violation of section 1983, those claims should also be dismissed. To state a conspiracy claim under section 1983, a plaintiff must allege facts to show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Guiterrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (citation omitted). Plaintiff has not alleged facts to support his conclusion that Defendants PHS and CMS engaged in a conspiracy to deprive him of his constitutional rights. Accordingly, Plaintiff has not stated cognizable claims of conspiracy under 1983 against Defendants PHS and CMS and those claims should be dismissed.

3.       Defendants' Requests for Costs and Fees

Defendants PHS and CMS each request an award of costs and attorney fees. "A prevailing party in a 42 U.S.C. §§ 1983, 1985 and 1986 civil rights action, at the discretion of the trial court, is entitled to attorney fees as part of costs." *Riddle v. Egensperger,* 266 F.3d 542, 547 (6th Cir. 2001) (citing 42 U.S.C. § 1988(b)). A successful defendant should only receive attorneys' fees when an action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (citations and internal quotation marks omitted). "An award of attorney fees against

a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.' " *Id.* (quoting *Jones v. The Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986)). With regard to costs, the language of Fed.R.Civ.P. 54(d) provides that costs should be awarded to the prevailing party unless a court order provides otherwise, leaving the matter within the discretion of the trial court.

The Court should find that Plaintiff's actions in this case do not warrant costs and attorney's fees.

4.      Conclusion

For the reasons stated herein, the Court recommends that Defendants PHS and CMS's Motions to Dismiss be granted only to the extent that Plaintiff's claims related to his 2003 blood sugar episode, and his section 1983 and 1985 conspiracy claims, insofar as he has alleged such claims, be dismissed. However, Plaintiff has stated viable deliberate indifference claims under 42 U.S.C. § 1983 against Defendants PHS and CMS. Therefore, Plaintiff should be permitted to proceed against these Defendants on those allegations.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 6, 2010            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Eddie Burt Wagle and Counsel of Record on this date.

Dated: January 6, 2010            s/ Lisa C. Bartlett
                                  Case Manager