UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDDIE WAGLE,**

      **Plaintiff,**                       **CIVIL ACTION NO. 10-CV-10506**

   vs.                                   **DISTRICT JUDGE NANCY G. EDMUNDS**

**B. SKUTT, et al.,**                **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendants Skutt and Walker (docket no. 20) be **GRANTED**.

**II.    REPORT**:

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Elizabeth Skutt and Deborah Walker. (Docket no. 20). Plaintiff has filed a response to the motion. (Docket no. 28). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Thumb Correctional Facility ("TCF") in Lapeer, Michigan. Defendant Skutt is the health care unit manager at TCF. Defendant Walker is a registered nurse at TCF.

Plaintiff, an insulin-dependent diabetic, alleges that the Defendants were deliberately

indifferent to his medical needs when they failed to honor his permanent medical accommodation for special order tennis shoes, forcing him instead to wear ill-fitted state-issued shoes.  Plaintiff claims that the state-issued shoes caused him to develop a painful corn on the side of his toe which has resulted in constant foot pain and elevated blood sugar levels because he is not able to exercise.  (Docket no. 1 at 6, 8).  Plaintiff alleges that the Defendants failed to properly treat his corn.  He further alleges that Defendants have conspired to withhold from him proper fitting athletic shoes, and have conspired to provide diabetic inmates including himself with the least amount of care possible.  (Docket no. 1, ¶¶ 50, 65).  Finally, Plaintiff states that he experienced a high blood sugar episode in 2003 and a low blood sugar episode in 2009 which were not properly treated.  (Docket no. 1 at 11, 13).  Plaintiff sues the Defendants in their individual and official capacities for declaratory and injunctive relief, and monetary damages.

With respect to Plaintiff's claims against Defendant Skutt, the Complaint alleges that Plaintiff was seen in health care by physician assistant ("PA") Paula Mass on October 16, 2008 at which time he asked about his shoe accommodation.  He states that PA Mass informed him that "this facility [TCF] doesn't do that."  (Docket no. 1, ¶ 26).  Plaintiff states that he sent a kite to Defendant Skutt informing her that PA Mass had told him that his shoe accommodation would not be honored at TCF.  He claims that Defendant Skutt responded to his kite by stating that "tennis shoes were previously provided (5 months prior) and that the PA had determined that tennis shoes were not medically necessary."  (Docket no. 1, ¶ 27 and Attachment B).  Plaintiff alleges that he discussed this matter again with Defendant Skutt on November 10, 2008 at which time she informed the Plaintiff that his shoe accommodation had been discontinued and that TCF "does not order prescription shoes for prisoners."  (Docket no. 1, ¶ 28).

With regard to Defendant Walker, Plaintiff contends that he filed a grievance on November 13, 2008. He alleges that Defendant Walker interviewed the Plaintiff related to the grievance and during that interview "attempted to convince [Plaintiff] that permanent accommodations are only good for one year" and that his accommodation had expired. (Docket no. 1, ¶ 30). He alleges that Defendants Skutt and Walker "intentionally and maliciously lied to [him] by stating that [TCF] does not order prescription or special order shoes for prisoners." (Docket no. 1, ¶ 49). Finally, Plaintiff claims that he filed a grievance related to a low blood sugar episode in which he claims that he was told that he would have to wait forty-five minutes before he could eat and treat his insulin reaction. (Docket no. 1, ¶ 54). Plaintiff states that Defendant Walker interviewed him on July 15, 2009 related to this grievance and instructed him to keep something in his cell to treat low blood sugar episodes. (Docket no. 1, ¶ 55). Plaintiff believes that the facility should provide diabetic prisoners with glucose tablets, glucose gel, or snack bags for their cells.

**B.     Standard**

Defendants Skutt and Walker move for entry of summary judgment pursuant to Fed.R.Civ.P. 56(b). Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*,

369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.   Analysis**

1.   Plaintiff's Individual Capacity Claims

Defendants Skutt and Walker contend that they are entitled to qualified immunity in their individual capacities. Government officials performing discretionary acts enjoy qualified immunity from suit under section 1983 for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). A two-step analysis guides the Court in its determination. First, the Court must determine whether the Plaintiff's factual allegations show that the Defendants violated a constitutional right. *Pearson v. Callahan,* 129 S.Ct. 808, 815-16 (2009) (citation omitted). Second, the Court must determine whether the right at issue was clearly established at the time of the Defendants' alleged misconduct. *Id.*

To establish liability under 42 U.S.C. § 1983, the Plaintiff must allege that a right secured by the constitution or a federal law was violated by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff alleges that his Eighth Amendment rights were violated by the Defendants' deliberate indifference to his medical needs. To establish an Eighth Amendment violation, the Plaintiff must show that he suffered from a serious medical condition, and that the official being sued recklessly disregarded a known substantial risk to the Plaintiff's health and safety. *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). A defendant cannot be held liable under section 1983 absent a showing that he was personally involved in, or otherwise

4

authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Excerpts from Plaintiff's medical record submitted in support of Defendants Skutt and Walker's motion show that Plaintiff was seen by PA Paula Mass in the Endocrine-MSP Chronic Care Clinic on October 16, 2008. (Docket no. 21, Ex. A-1). During that visit Plaintiff was observed to have normal pulse, color, and temperature in his feet with no foot ulcers. The medical record shows that PA Mass explained to the Plaintiff why TCF does not supply tennis shoes without medical need. (Docket no. 21, Ex. A-1). The record further shows that Plaintiff submitted a medical kite on October 29, 2008 complaining that he wanted new tennis shoes. (Docket no. 21, Ex. A-2). Defendant Skutt responded to the kite by stating "Received new tennis shoes 6/10/08 at URF. Saw PA at TCF 10/16/08 - athletic shoes not determined to be medically necessary." (Docket no. 21, Ex. A-2). A medical progress note shows that Plaintiff was in fact issued a new pair of tennis shoes on 6/10/08, less than four months before he was transferred to TCF. (Docket no. 21, Ex. A-3).

Plaintiff relies upon statements made in his verified Complaint to show that he informed Defendant Skutt that his shoes were worn out and he could not wear the state-issued oxfords. (Docket no. 28 at 1). Even assuming this to be true, the medical evidence shows that the physician's assistant did not observe any abnormalities with Plaintiff's feet during the October 16, 2008 examination. There is no evidence in the record to show that Defendant Skutt knew of and disregarded an excessive risk of harm to the Plaintiff. Furthermore, liability under section 1983 cannot be based upon the Defendants' mere failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to present evidence to create a fact issue for trial. Defendant Skutt is entitled to summary judgment on Plaintiff's individual capacity claim of deliberate indifference.

With respect to Defendant Walker, the evidence shows that she had no role beyond responding to Plaintiff's grievance. (Docket no. 1, Attachments C, J). Defendant Walker's involvement in responding to Plaintiff's grievance is insufficient to show personal involvement for purposes of section 1983 liability. *Id.* Defendant Walker is entitled to dismissal of Plaintiff's individual capacity claims against her.

b.      Plaintiff's Official Capacity Claims

Defendants Skutt and Walker argue that the are entitled to dismissal of Plaintiff's official capacity claims pursuant to the Eleventh Amendment. "Individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003) (citation omitted). The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The State of Michigan has not consented to § 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir. 2004).

A state's sovereign immunity may be abrogated for the sole purpose of ending continuing violations of federal law. *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002). Thus, Plaintiff can avoid the sovereign immunity bar by suing for injunctive or declaratory relief rather than monetary damages. *Johnson v. Unknown Dellatifa,* 357 F.3d at 545 n. 1; *Mitchell v. Michigan Dep't of Corr.,* No. 05-cv-728, 2006 WL 250697, at *2 (W.D. Mich. Feb.1, 2006). To prevail on a claim for injunctive relief the movant must show that (1) there is a strong likelihood of success on the merits; (2) he will suffer irreparable injury without the injunction; (3) the issuance of the injunction will not cause substantial harm to others; and (4) the public interest will be served by issuance of the injunction. *N.A.A.C.P. v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989).

To the extent Plaintiff sues Defendants Skutt and Walker for money damages, his official capacity claims are barred by the Eleventh Amendment. Yet, in addition to monetary damages Plaintiff seeks a preliminary and permanent injunction against the Defendants. (Docket no. 1 at 14). There is insufficient evidence in the record to show that Defendants Skutt and Walker violated Plaintiff's constitutional rights. Therefore, the Court recommends that Plaintiff's official capacity claims against Defendants Skutt and Walker for injunctive and declaratory relief be dismissed.

3.   Plaintiff's Conspiracy Claims

Plaintiff alleges that the Defendants conspired with one another to withhold from him proper fitting athletic shoes. (Docket no. 1, ¶ 50). He also alleges that MDOC and its employees, and the health care providers and their employees, have conspired to provide Plaintiff and other diabetics with the least amount of care possible in violation of the Eighth Amendment. (Docket no. 1, ¶ 65). 42 U.S.C. § 1985 proscribes conspiracies to deprive persons of their civil rights. To state a claim under section 1985, the complaint must allege that the conspiracy was motivated by race or other protected class-based discriminatory animus. *Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir. 1998). Plaintiff has not alleged any facts that warrant an inference of racial or discriminatory animus by Defendants Skutt or Walker. Therefore, to the extent that he has alleged a claim of conspiracy under 42 U.S.C. § 1985, any such claims should be dismissed.

Similarly, allegations that Defendants Skutt and Walker conspired against Plaintiff in violation of section 1983 should also be dismissed. To state a conspiracy claim under section 1983, a plaintiff must allege facts to show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th

7

Cir. 1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Guiterrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (citation omitted). Plaintiff has not alleged facts to support his conclusion that Defendants Skutt and Walker engaged in a conspiracy to deprive him of his constitutional rights. Accordingly, Plaintiff has not stated cognizable claims of conspiracy under section 1983 against these Defendants.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 6, 2010       s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

　　　　I hereby certify that a copy of this Report and Recommendation was served upon Eddie Burt Wagle and Counsel of Record on this date.


Dated: January 6, 2010       s/ Lisa C. Bartlett
                             Case Manager