UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE WAGLE,

        Plaintiff,                               CIVIL ACTION NO. 10-CV-10506

   vs.                                         DISTRICT JUDGE NANCY G. EDMUNDS

B. SKUTT, et al.,                      MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that the Motion to Dismiss filed by Defendant Paula Mass (docket no. 40) be **GRANTED**.

**II.**    **REPORT**:

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983.  Presently before the Court is the Motion to Dismiss filed by Defendant physician assistant ("PA") Paula Mass.  (Docket no. 40).  Plaintiff has filed a response to the motion.  (Docket no. 41).  All pretrial matters have been referred to the undersigned for action.  (Docket no. 7).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

Plaintiff, an insulin-dependent diabetic, alleges that the Defendants were deliberately indifferent to his medical needs when they failed to honor his permanent medical accommodation for special order tennis shoes, forcing him instead to wear ill-fitted state-issued shoes.  Plaintiff claims that the state-issued shoes caused him to develop a painful corn on the side of his toe which

has resulted in constant foot pain and elevated blood sugar levels because he is not able to exercise. (Docket no. 1 at 6, 8). Plaintiff alleges that the Defendants failed to properly treat his corn. He further alleges that the Defendants have conspired to withhold from him proper fitting athletic shoes, and have conspired to provide diabetic inmates including himself with the least amount of care possible. (Docket no. 1, ¶¶ 50, 65).

With respect to his claims against Defendant Mass, Plaintiff contends that he was seen by Defendant Mass on October 16, 2008 at which time he asked about his shoe accommodation and was told that "this facility doesn't do that." (Docket no. 1, ¶ 26). He claims that he saw Defendant Mass again on June 12, 2009 at which time he informed her that the corn on his toe was causing severe pain and the corn pad remover was "eating away the skin around the infected area." (Docket no. 1, ¶ 38). Plaintiff alleges that Defendant Mass informed him that the constant pressure on his toes from his state-issued shoes caused the corn to develop and that she "would see about getting Plaintiff some shoes." (Docket no. 1, ¶ 38). Plaintiff alleges that he saw Defendant Mass a third time on October 2, 2009 at which time he showed her that his state-issued shoes were too narrow for his feet and again complained of pain related to the corn on his toe. Plaintiff contends that Defendant Mass gave him more corn pad removers, suggested that he wear his walking shoes, and informed him that there was nothing else that could be done for him. (Docket no. 1, ¶ 47). He claims that Defendant Mass intentionally and maliciously lied to him by stating that TCF does not order prescription or special order shoes for prisoners. (Docket no. 1, ¶ 49). Plaintiff has sued the Defendant in her individual and official capacities for declaratory and injunctive relief, and monetary damages.

**B.     Standard**

Defendant Mass moves for an order dismissing Plaintiff's claims pursuant to 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 12(b)(6). Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 204 (2007). The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Exhaustion is mandatory, and applies to suits with respect to prison conditions regardless of the type of relief sought. *Booth v. Churner,* 532 U.S. 731, 741 (2001).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**C.     Analysis**

1.     Administrative Exhaustion

Defendant Mass argues that Plaintiff failed to exhaust his administrative remedies with respect to his June 12, 2009 and October 2, 2009 allegations. (Docket no. 40 at 3-6). Defendant Mass has submitted a copy of the grievance procedures of the Michigan Department of Corrections

3

("MDOC") and copies of all relevant grievances filed by Plaintiff. (Docket no. 40, Ex. A-D). According to Defendant's submissions, Plaintiff filed two grievances through Step III which could have exhausted his claims against her. (Docket no. 40, Ex. B). Only one grievance, however, TCF-08-11-00646-12I, raises issues related to Defendant Mass. (Docket no. 40, Ex. C, D). Defendant Mass acknowledges that TCF-08-11-00646-12I properly exhausted Plaintiff's claims related to the October 16, 2008 medical evaluation, but argues that his allegations related to June 12, 2009 and October 2, 2009 have not been exhausted. Plaintiff does not contend that he submitted any other grievances by which he may have exhausted his administrative remedies against Defendant Mass. Rather, he argues that had he filed grievances related to the June 12, 2009 and October 2, 2009 incidents, the grievances would have been rejected under MDOC policy directive 03.02.130(G)(1) because they involved issues similar to those which were previously raised in an earlier grievance. (Docket no. 41 at 3).

MDOC policy directive 03.02.130(G)(1) provides that a grievance *may* be rejected if it raises issues that are duplicative of those raised in another grievance filed by the grievant. (Docket no. 40, Ex. A). In addressing similar claims of futility the Sixth Circuit has observed that "[i]f [the prisoner] had filed a grievance that was denied as duplicative he would have exhausted administrative remedies and been permitted to file a complaint. However, he may not merely assume that a grievance would be futile and proceed directly to federal court with his complaints." *Wells v. Neva,* No. 00-1030, 2000 WL 1679441, at *1 (6th Cir. Nov. 1, 2000); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so.").

Plaintiff's argument that it would have been futile to file a grievance does not excuse him

4

from exhausting his administrative remedies as required under 42 U.S.C. § 1997e(a). Accordingly, his claims against Defendant Mass related to events that occurred on June 12, 2009 and October 2, 2009 must be dismissed.

2.      Plaintiff's Allegations Related to October 16, 2008

Next, Defendant Mass argues that Plaintiff has failed to state a claim upon which relief may be granted related to his October 16, 2008 claim. Defendant Mass argues that Plaintiff has failed to allege facts to show that he suffers from an objectively serious medical need. She further argues that Plaintiff has failed to allege facts to show that she knew of and consciously disregarded an excessive risk to Plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994).

To state a viable Eighth Amendment claim, a prisoner must allege facts to show both an objectively serious medical need and a subjectively culpable state of mind on the part of the defendant. *Id.* "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash,* 539 F.3d 510, 518 (6th Cir. 2008) (citation and internal quotation marks omitted). To have a sufficiently culpable state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's Complaint alleges that his toe was red, the area around the corn was raw from the corn pad remover eating away at the skin, he experienced constant severe foot pain, and sores formed on his feet. He claims that his foot condition was made all the more serious because of his underlying diabetes. Whether or not the Court agrees with Plaintiff's assessment that he suffers from an objectively serious medical condition, it is clear that he has not alleged facts to satisfy the

5

subjective component of his claim.

Plaintiff states in his Complaint that he saw Defendant Mass on October 16, 2008 at which time he asked about his shoe accommodation. He claims that Defendant Mass informed him that "this facility doesn't do that." (Docket no.1, ¶ 26). Plaintiff does not allege facts to show that on October 16, 2008 Defendant Mass knew that there was a substantial risk that Plaintiff could sustain serious harm if she did not order him a new pair of special order athletic shoes. Indeed, documents attached to the Complaint show that Defendant Mass examined Plaintiff's feet on October 16, 2008 and found no abnormalities. (Docket no.1, Attachment C). Because Plaintiff has failed to allege facts to satisfy the subjective component of his deliberate indifference claim, his individual capacity claim against Defendant Mass should be dismissed.

3. Plaintiff's Official Capacity Claim

Plaintiff has also sued Defendant Mass in her official capacity. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003) (citation omitted). The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The State of Michigan has not consented to section 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir. 2004).

A state's sovereign immunity may be abrogated for the sole purpose of ending continuing violations of federal law. *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002). Thus, Plaintiff can avoid the sovereign immunity bar by suing for injunctive or declaratory relief rather than monetary damages. *Johnson v. Unknown Dellatifa,* 357 F.3d at 545 n.1; *Mitchell v. Michigan*

6

*Dep't of Corr.,* No. 05-cv-728, 2006 WL 250697, at *2 (W.D. Mich. Feb.1, 2006).  To prevail on a claim for injunctive relief the movant must show that (1) there is a strong likelihood of success on the merits; (2) he will suffer irreparable injury without the injunction; (3) the issuance of the injunction will not cause substantial harm to others; and (4) the public interest will be served by issuance of the injunction.  *N.A.A.C.P. v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989).

To the extent Plaintiff sues Defendant Mass for money damages, his official capacity claims are barred by the Eleventh Amendment.  In addition to monetary damages, however, Plaintiff also seeks a preliminary and permanent injunction against the Defendants. (Docket no. 1 at 14).  Plaintiff has failed to state a claim that Defendant Mass violated his Eighth Amendment rights by withholding special order athletic shoes from him.  Consequently, he has not alleged facts to show that he has a strong likelihood of success on his claim against Defendant Mass, or that he will suffer irreparable injury without an injunction.  Plaintiff's official capacity claim against Defendant Mass for injunctive and declaratory relief should be dismissed.

4.      Conspiracy Claims

Plaintiff alleges that the Defendants conspired with one another to withhold from him proper fitting athletic shoes.  (Docket no. 1, ¶ 50).  He also alleges that MDOC and its employees, and the health care providers and their employees, have conspired to provide Plaintiff and other diabetics with the least amount of care possible in violation of the Eighth Amendment. (Docket no. 1, ¶ 65). 42 U.S.C. § 1985 proscribes conspiracies to deprive persons of their civil rights.  To state a claim under section 1985, the Complaint must allege that the conspiracy was motivated by race or other protected class-based discriminatory animus.  *Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir. 1998).  Plaintiff has not alleged any facts that warrant an inference of racial or discriminatory

7

animus by Defendant Mass. Therefore, to the extent that he has alleged a claim of conspiracy under 42 U.S.C. § 1985, any such claim should be dismissed.

Similarly, allegations that Defendant Mass conspired against Plaintiff in violation of section 1983 should also be dismissed. To state a conspiracy claim under section 1983, a plaintiff must allege facts to show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Guiterrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (citation omitted). Plaintiff has alleged only that he saw Defendant Mass on October 16, 2008, asked her about his shoe accommodation, and was informed that "this facility doesn't do that." (Docket no. 1, ¶ 26). Based on these factual allegations, Plaintiff's legal conclusion that Defendant Mass engaged in a conspiracy to deprive him of proper fitting athletic shoes is insufficient to state a conspiracy claim under section 1983 against Defendant Mass.

5.      Defendant Mass's Request for Costs and Fees

Defendant Mass has requested an award of costs and attorney fees. "A prevailing party in a 42 U.S.C. §§ 1983, 1985 and 1986 civil rights action, at the discretion of the trial court, is entitled to attorney fees as part of costs." *Riddle v. Egensperger,* 266 F.3d 542, 547 (6th Cir. 2001) (citing 42 U.S.C. § 1988(b)). A successful defendant should only receive attorneys' fees when an action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (citations and internal quotation marks omitted). "An award of attorney fees against a losing

8

plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.' " *Id*. (quoting *Jones v. The Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986)). With regard to costs, the language of Fed.R.Civ.P. 54(d) provides that costs should be awarded to the prevailing party unless a court order provides otherwise, leaving the matter within the discretion of the trial court.

The Court should find that Plaintiff's actions in this case do not warrant costs and attorney's fees.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 6, 2011           s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Eddie Burt Wagle and Counsel of Record on this date.

Dated: January 6, 2010           s/ Lisa C. Bartlett
                                 Case Manager

10