UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE WAGLE,

        Plaintiff,                        CIVIL ACTION NO. 10-CV-10506

   vs.                                  DISTRICT JUDGE NANCY G. EDMUNDS

B. SKUTT, et al.,                  MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that the Motion To Dismiss filed by Defendant Craig Hutchinson (docket no. 71) be **GRANTED**.

**II.**    **REPORT**:

This is a *pro se* civil rights action filed by a Michigan State prisoner pursuant to 42 U.S.C. §§ 1983 and 1985. Presently before the Court is the Motion To Dismiss filed by Defendant Craig Hutchinson. (Docket no. 71). Plaintiff filed a response. (Docket no. 74). Defendant Hutchinson filed a reply. (Docket no. 78). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

Plaintiff, an insulin-dependent diabetic, alleges that Defendants were deliberately indifferent to his medical needs when they failed to honor his permanent medical accommodation for special order tennis shoes. Plaintiff claims that state-issued shoes have caused him to develop a painful corn on the side of his toe which has resulted in constant foot pain and elevated blood sugar levels

1

because he is not able to exercise. (Docket no. 1, at pp. 6, 8). Plaintiff alleges that Defendants failed to properly treat his corn. He further alleges that Defendants conspired to withhold from him proper fitting athletic shoes, and have conspired to provide diabetic inmates including himself with the least amount of care possible. (Docket no. 1, ¶¶ 50, 65). Finally, Plaintiff states that he experienced a high blood sugar episode in 2003 and a low blood sugar episode in 2009 which were not properly treated. (Docket no. 1, ¶¶ 53, 61). Plaintiff sues Defendants in their individual and official capacities for declaratory and injunctive relief, and monetary damages.

Defendant Craig Hutchinson is identified in the complaint as Jane Doe #1. (Docket no. 46). The complaint states that Jane Doe #1 (hereinafter "Defendant Hutchinson") is an employee of Corrections Medical Services ("CMS") and makes the determinations if medical care or equipment will be provided to inmates. (Docket no. 1, ¶ 20).

**B.     Standard**

Defendant Hutchinson moves for an order dismissing Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). When determining a motion under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005)). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's

motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) (citation omitted).

**C.     Analysis**

*1.     Failure to Exhaust*

Defendant Hutchinson argues that Plaintiff failed to exhaust his administrative remedies with respect to Plaintiff's allegations against him as required by 42 U.S.C. § 1997e(a). Because the complaint discusses the relevant grievances filed by Plaintiff, and Plaintiff attached copies of the grievance forms and responses to his complaint (docket no. 1, exs. C, J), the Court may review the grievances without converting the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Threatt v. Arredia*, No. 05-97, 2008 WL 762232, at *1 (W.D. Mich. March 19, 2008) ("a defendant may properly move for dismissal under Rule 12(b)(6) where grievance forms attached to the complaint show that the plaintiff failed to properly exhaust his claim.").

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Proper exhaustion is mandatory and requires a prisoner to comply with state and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006). Michigan Department of Corrections ("MDOC") policy directive 03.02.130(R), effective July 9, 2007, provides that a grievance must include dates, times, places, and names of all those involved in the issue being grieved. (Docket no. 71, ex. A).

Defendant Hutchinson submitted a copy of the applicable MDOC grievance procedure and

both parties submitted copies of relevant grievances filed by Plaintiff. (Docket nos. 1, exs. C, J; Docket no. 71, exs. A-D). The exhibits show that Plaintiff filed two grievances through Step III which could have exhausted his claims against Defendant Hutchinson. (Docket no. 71, exs. C-D). Grievance no. TCF-08-11-00646-12I, in which Plaintiff complains about the denial of his request for prescription tennis shoes, was filed against the MDOC, Thumb Correctional Facility ("TCF") Health Care, CMS, prison employees Skutt and Mass, "and any other part[ies] that may surface at a later date that are in violation of the Eighth Amendment." (Docket no. 71, ex. C). Grievance no. TCF-09-06-00433-12D, which pertains to the 2009 low blood sugar episode, was filed against the MDOC, Prison Health Services, Inc. ("PHS"), TCF Health Care, Defendant Khan and "other individuals that may surface in the future, that are in violation of the Eighth Amendment." (Docket no. 71, ex. D).

Defendant Hutchinson contends that because he is not named in either grievance Plaintiff's claims against him have not been properly exhausted. It is not uncommon for courts to find that a grievance that identifies "health care," "CMS," or "PHS" properly exhausts claims against unnamed health care staff, particularly where the grievance is decided on the merits and is not rejected by the MDOC as unduly vague. *See Grear v. Gelabert*, No. 07-203, 2008 WL 474098, at *2, 7-8 (W.D. Mich. Feb. 15, 2008); *McAdory v. Engelsgjerd*, No. 07-13192, 2010 WL 1131484, at *3 (E.D. Mich. Feb. 11, 2010). The MDOC denied both TCF-08-11-00646-12I and TCF-09-06-00433-12D after considering the merits of the grievances, and did not reject either grievance for failure to identify the specific persons about whom Plaintiff was complaining. The Court should find that Defendant Hutchinson has failed to carry his burden of showing that Plaintiff did not properly exhaust his available administrative remedies.

*2.     Plaintiff's Allegations Related to a 2003 High Blood Sugar Incident*

The complaint states that Plaintiff first presented with symptoms of diabetes in April 2003 while he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He alleges that he had a blood sugar level in excess of 650 mg/dl with ketones in his urine. Plaintiff claims that despite his dangerously high blood sugar level, health care staff at the G. Robert Cotton Correctional Facility simply sent him back to his unit. Three days later he was transferred to the hospital with a blood sugar level in excess of 1000 mg/dl. Plaintiff claims that since his diagnosis the MDOC, its health care providers and employees have set a pattern of deliberate indifference to his diabetes care. (Docket no. 1, ¶ 61).

Defendant Hutchinson argues that Plaintiff's claim related to his 2003 diabetes diagnosis and high blood sugar incident are time-barred by the applicable three year statute of limitations. The Court has previously addressed Plaintiff's 2003 claim and found that it is barred by the statute of limitations. (Docket nos. 48, 64). Therefore, this Court will not address the parties' arguments with respect to Plaintiff's 2003 claim against Defendant Hutchinson.

*3.     Plaintiff's Official Capacity Claim For Deliberate Indifference*

Plaintiff has sued Defendant Hutchinson in his official capacity for deliberate indifference to Plaintiff's serious medical needs. An official capacity lawsuit is tantamount to a suit against the entity of which the official is an agent. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). The Eighth Amendment official capacity claim asserted against Defendant Hutchinson is duplicative of the Eighth Amendment claims

5

brought against Defendants CMS and PHS.[1] The Court denied Defendants CMS and PHS's motions to dismiss Plaintiff's Eighth Amendment claims. (Docket nos. 48, 64). Therefore the Court recommends that Plaintiff's Eighth Amendment official capacity claim against Defendant Hutchinson be dismissed as redundant. *See Jackson v. Shelby Cnty. Gov't*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) (affirming dismissal of official capacity claims against sheriff in § 1983 action because the claims mirrored the claims brought against the county); *Ebelt v. Cnty. of Ogemaw*, 231 F.Supp.2d 563, 568 (E.D. Mich. 2002) (dismissing official capacity claims as redundant).

*4.    Plaintiff's Personal Capacity Claim For Deliberate Indifference*

Next, Defendant Hutchinson argues that the complaint fails to state sufficient facts to show that Plaintiff suffers from an objectively serious medical need, and that Defendant Hutchinson knew of and consciously disregarded an excessive risk to Plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994).

To state a viable Eighth Amendment claim, a prisoner must allege facts to show both an objectively serious medical need and a subjectively culpable state of mind on the part of the defendant. *Id*. at 834. "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir.2008) (citation and internal quotation marks omitted). With regard to the subjective mental component of the claim,

---

[1] The complaint identifies Defendant Hutchinson as an employee of CMS. However, it appears Defendant Hutchinson was successfully served with process at the address provided in the complaint for service on PHS. (Docket no. 1, at p. 4; Docket no. 69). Hence, it is not clear at this juncture whether Defendant Hutchinson is an employee of CMS or PHS.

"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A defendant cannot be held liable under section 1983 absent a showing that he was personally involved in, or otherwise authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989).

Without even considering the objective component of Plaintiff's claim, Plaintiff falls well short of alleging facts to show that Defendant Hutchinson acted with a sufficiently culpable state of mind. Indeed, the facts as alleged by Plaintiff do not demonstrate that Defendant Hutchinson was even aware of Plaintiff's medical needs, let alone that he subjectively perceived facts from which to infer substantial risk to Plaintiff. Accordingly, Defendant Hutchinson is entitled to dismissal of Plaintiff's individual capacity Eighth Amendment claim.

5.   *Plaintiff's Conspiracy Claims*

42 U.S.C. § 1985 proscribes conspiracies to deprive persons of their civil rights. To state a claim under § 1985, the complaint must allege that the conspiracy was motivated by race or other protected class-based discriminatory animus. *Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir.1998). Plaintiff has not alleged any facts that warrant an inference of racial or discriminatory animus on the part of Defendant Hutchinson. Therefore, Plaintiff's § 1985 conspiracy claim against Defendant Hutchinson should be dismissed.

Similarly, Plaintiff's conclusory allegations that all Defendants have engaged in a conspiracy to withhold from Plaintiff proper fitting athletic shoes, and provide diabetic inmates with less than optimal care does not state a claim of conspiracy against Defendant Hutchinson under 42 U.S.C. § 1983. To allege a conspiracy under § 1983 a plaintiff must assert facts to show: (1) a single plan,

7

(2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir.1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987) (citation omitted). Plaintiff's allegations are devoid of the specificity necessary to sustain a conspiracy claim. Accordingly, any claim of conspiracy raised against Defendant Hutchinson should be dismissed.

*6.    Costs and Fees*

Defendant Hutchinson has requested an award of costs and attorney fees. "A prevailing party in a 42 U.S.C. §§ 1983, 1985 and 1986 civil rights action, at the discretion of the trial court, is entitled to attorney fees as part of costs." *Riddle v. Egensperger,* 266 F.3d 542, 547 (6th Cir.2001) (citing 42 U.S.C. § 1988(b)). A successful defendant should only receive attorneys' fees when an action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (citations and internal quotation marks omitted). "An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.' " *Id*. (quoting *Jones v. The Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir.1986)). With regard to costs, the language of Fed. R. Civ. P. 54(d) provides that costs should be awarded to the prevailing party unless a court order provides otherwise, leaving the matter within the discretion of the trial court.

The Court should find that Plaintiff's actions in this case do not warrant costs and attorney's fees.

### III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: October 27, 2011          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Eddie Burt Wagle and Counsel of Record on this date.


Dated: October 27, 2011        s/ Lisa C. Bartlett
                                       Case Manager