**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDDIE WAGLE,

                     **Plaintiff,**                **CIVIL ACTION NO. 10-CV-10506**

       **vs.**                           **DISTRICT JUDGE NANCY G. EDMUNDS**

B. SKUTT, et al.,                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:**  This Court recommends that Plaintiff's Motion for Temporary Restraining Order And Preliminary Injunction (docket no. 88) be **DENIED**.

**II.**     **REPORT**:

**A.**     **Facts**

       Plaintiff, an insulin-dependent diabetic, is a Michigan state prisoner who filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that Defendants were deliberately indifferent to his serious medical needs and conspired to withhold from him his permanent medical accommodation for special order shoes.  Plaintiff also claims that Defendants conspired to provide diabetic inmates with the least amount of medical care possible.  Plaintiff by this motion seeks a temporary restraining order and preliminary injunction requiring the Michigan Department of Corrections ("MDOC"), Prison Health Services, Inc. ("PHS"), and their employees to provide him with prescription athletic shoes and walking shoes.  (Docket no. 88, at p. 3).  Defendants PHS and Zakiuddin Khan have filed a response to the motion.  (Docket no. 91).  Plaintiff filed a reply.  (Docket no. 93).  All pretrial matters have been referred to the undersigned for action.  (Docket no.

7).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**B.      Governing Law**

Rule 65, Fed. R. Civ. P., authorizes the issuance of both preliminary injunctions and temporary restraining orders.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002) (citation omitted).  In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served by issuance of the injunction. *Id*. (citation omitted).  These factors are to be balanced.  However, the failure to show a likelihood of success on the merits is usually fatal.  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000).  The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000).

**C.      Analysis**

**1.      Likelihood of Success on Merits**

Plaintiff asks that the Court order the MDOC, PHS, and their employees to provide him with prescription athletic shoes and walking shoes.  Plaintiff has submitted various documents and a declaration in support of his motion.  (Docket no. 88, exs. A-D).  The declaration states that Plaintiff filed the instant lawsuit in part because he was denied previously prescribed prescription shoes.

2

Plaintiff argues that he was issued a prescription tennis shoe accommodation in 2006 and a separate orthopedic walking shoe accommodation in 2009.  (Docket no. 88, ex. D).  He now claims that in April 2011 non-party Physician's Assistant ("P.A.") Kelly Schultman informed Plaintiff that PHS would no longer provide him with two pairs of shoes and that he would have to choose between the walking shoe and the athletic shoe.  (Docket no. 88, ex. A at ¶ 6).  Plaintiff selected the athletic shoe and Schultman allegedly printed Plaintiff a new special accommodation order with only the athletic shoe accommodation noted.  (Docket no. 88 at ¶ 4 and ex. B).  Plaintiff maintains that he filed a grievance against PHS and health care for discontinuing his walking shoe accommodation.  (Docket no. 88, ex. A at ¶ 8).  In May 2011 Plaintiff was allegedly called to health care and given a perfunctory foot examination purportedly in response to the grievance he filed.  (Docket no. 88, ex. A at ¶ 10).  Plaintiff states that during the examination non-party Schultman merely touched his feet, asked if he could feel the touch, and declared that Plaintiff no longer had a need for a shoe accommodation.  (Docket no. 88, ex. A at ¶ 10 and ex. C).  He claims that Schultman acted in retaliation against him for filing his grievance, and argues that he is entitled to a preliminary injunction requiring Defendants and other individuals involved to provide him with the prescription shoes that have been ordered.  (Docket no. 88, ex. A at ¶¶ 12, 14).

Defendants PHS and Khan submitted a copy of P.A. Schultman's May 2011 Clinical Progress Note.  (Docket no. 91, ex. 1).  According to the progress note, the May 2011 examination was conducted because Schultman did not do a monofilament test or examine Plaintiff's feet during Plaintiff's previous examination.  In the progress note, Schultman describes Plaintiff as a young, well-controlled diabetic, with no known diabetic neuropathy or ulcers of the feet.  (Docket no. 91, ex. 1).  On physical examination, Schultman observed the following:

feet are in wonderful condition, no break down of skin including between toes. No evidence of corns or ulcerations. They are warm and sensitive to light touch. He has great pedal pulses and his monofilament test is quite exceptional as he has absolutely no deficits in his neuro status of his feet bilaterally.

Schultman concluded that Plaintiff does not medically qualify for healthcare provided shoes. (Docket no. 91, ex. 1). This assessment is supported by the affidavit of Adam Edelman, Regional Medical Director for Corizon Health, Inc., formerly named Prison Health Services, Inc. (Docket no. 91, ex. 1).

Plaintiff argues that Schultman lied about Plaintiff's feet condition, and that the corns, sores, and calluses on his feet have been well documented. (Docket no. 93). However, there is no objective evidence to support Plaintiff's assertion. It is well established that a difference of opinion between a prisoner and medical staff on the course of treatment does not state a claim for an Eighth Amendment violation based on deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.1976). Similarly, a difference of opinion among medical personnel likely fails to show deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). Plaintiff is adamant that he is receiving a sub-standard level of care. However, he has not shown a strong or substantial likelihood of success of his underlying claims. Furthermore, he cannot establish a substantial likelihood of success on the merits of a retaliation claim against Schultman since no such claim against Schultman has been filed. The evidence is that Defendants are not being deliberately indifferent to his serious medical need by denying his request for special accommodation prescription shoes.

**2.    Likelihood of Plaintiff's Irreparable Injury**

Plaintiff has also failed to show a strong likelihood that without the granting of the requested

4

injunction he will suffer irreparable injury. The evidence is that Plaintiff's feet are in excellent condition. Plaintiff has not shown that granting an injunction will result in better or more timely treatment which might prevent injury that otherwise will occur. *See Gumpl v. Seiter*, 687 F. Supp. 1212, 1213 (S.D. Ohio 1988) (speculative threat of injury insufficient to support granting of injunctive relief).

**3.    Harm to Others**

Where a prison inmate seeks an order enjoining prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir.1984). Prison administrators are given broad discretion in operating their prisons as long as they are pursuing legitimate penological objectives. This Court is ill-suited to make preliminary decisions based on disputed medical evidence which would interfere with the operation of the prison medical system. Granting Plaintiff's motion would likely harm the orderly operation of the prison.

**4.    Public Interest**

Plaintiff argues that granting his requested injunction would serve the public interest because it is in the public interest for prison officials to obey the law. (Docket no. 88, brief at p. 6). However, Plaintiff fails to show that granting injunctive relief is necessary to bring prison officials in compliance with the law. The public will not be served by the Court ordering what might be unnecessary medical accommodations or treatment. Plaintiff has failed to show that it is in the public interest to grant his request.

Upon consideration of all of these factors, the Court recommends denying Plaintiff's Motion for Temporary Restraining Order And Preliminary Injunction.

5

III.    **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 27, 2011                    s/ Mona K. Majzoub_____
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

6

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Eddie Wagle and Counsel of Record on this date.

Dated: October 27, 2011                    s/ Lisa C. Bartlett
                                           Case Manager