UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDDIE WAGLE,**

       **Plaintiff,**               **CIVIL ACTION NO. 10-CV-10506**

    **vs.**                          **DISTRICT JUDGE NANCY G. EDMUNDS**

**B. SKUTT, et al.,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**

_____/

### REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Defendant Jeffery Stevie be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**II.**    **REPORT:**

Plaintiff filed the instant complaint on February 4, 2010.  (Docket no. 1).  He was granted leave to proceed *in forma pauperis* on February 16, 2010.  (Docket no. 4).  On September 15, 2010 Plaintiff filed a request for clerk's entry of default as to Defendant Stevie and others.  (Docket no. 42).  In that request Plaintiff for the first time identified Jeffery Stevie as John Doe #5.  (Docket no. 42).  Plaintiff's request for entry of default judgment was denied because Jeffery Stevie was not listed as a Defendant in the case.  (Docket no. 44).

On September 30, 2010 Plaintiff filed a motion to show cause, asking why Defendant Stevie was not listed as a Defendant and why he had not been served.  (Docket no. 46).  In his motion, Plaintiff identified Defendant Stevie as Jane Doe #1 and John Doe #5.  (Docket no. 46).  The Court subsequently named Defendant Stevie in the case caption and directed the U.S. Marshal Service to effectuate service upon Defendant Stevie at the address provided in the complaint for Jane Doe #1.

(Docket nos. 53, 54, 72).  The U.S. Marshal's effort to serve Defendant Stevie at the address provided for Jane Doe #1 was unsuccessful.

On March 28, 2011 the Court ordered Plaintiff to show cause why Defendant Stevie should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  (Docket no. 72).  Plaintiff responded to the order by asking for additional time to serve Defendant Stevie, claiming that the U.S. Marshal Service erred in failing to serve this Defendant.  After reviewing Plaintiff's response and the case docket, the Court directed the U.S. Marshal Service to attempt service on Defendant Stevie at the address provided in the complaint for John Doe #5.  (Docket no. 80).  The U.S. Marshal Service made a second attempt to serve Defendant Stevie on June 1, 2011.  Waiver of service was again returned unexecuted as to this Defendant.

The time for service of the summons and complaint is established under Federal Rule of Civil Procedure 4(m) which provides that service must be made within 120 days after the filing of the complaint.  "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). A plaintiff proceeding *in forma pauperis* is entitled to rely on officers of the Court to effect service. *See Byrd v. Stone,* 94 F.3d 217 (6th Cir.1996).  However, a plaintiff may not remain silent and do nothing to effectuate service.  *VanDiver v. Martin,* 304 F.Supp.2d 934, 943 (E.D. Mich. 2004). Instead, the plaintiff must make an effort to remedy any apparent service defects of which he has knowledge.  *Id*.

Service has not been effected on Defendant Stevie within the time allowed under Rule 4(m). The U.S. Marshal Service has unsuccessfully attempted service on Defendant Stevie at the addresses

provided by Plaintiff in the complaint.  Plaintiff has not offered an alternate address for Defendant Stevie.  Accordingly, Defendant Stevie should be dismissed from this action without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m).

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: October 27, 2011           s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Eddie Wagle and Counsel of Record on this date.

Dated: October 27, 2011           s/ Lisa C. Bartlett
                                  Case Manager