UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE WAGLE,

        Plaintiff,                  CIVIL ACTION NO. 10-CV-10506

    vs.                              DISTRICT JUDGE NANCY G. EDMUNDS

MICHIGAN DEPARTMENT        MAGISTRATE JUDGE MONA K. MAJZOUB
OF CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that the Motion For Summary Judgment filed by Defendant Zakiuddin Khan (docket no. 145) be **DENIED**.

**II.**     **REPORT**:

This matter is before the Court on the Motion For Summary Judgment filed by Defendant Dr. Zakiuddin Khan. (Docket no. 145). Plaintiff filed a response. (Docket no. 154). Defendant Khan filed a reply. (Docket no. 155). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendant Kahn moves for summary judgment under Rule 56 on Plaintiff's individual capacity Eighth Amendment claim related to Defendant Khan's treatment of Plaintiff's June 26, 2009 low blood sugar episode. This is Defendant Kahn's second Motion for Summary Judgment addressing this issue. Defendant Kahn's first Motion for Summary Judgment was filed on August 25, 2011. (Docket no. 100). This Court reviewed Defendant Kahn's first motion and concluded that

1

Defendant Kahn was not entitled to summary judgment on Plaintiff's Eighth Amendment individual capacity claim related to the treatment of the June 26, 2009 low blood sugar episode. In making the recommendation of denial with respect to the low blood sugar issue, the undersigned observed that there was evidence to suggest that Defendant Kahn was notified of Plaintiff's June 26, 2009 low blood sugar reading of 55 mg/dl, and responded that Plaintiff could wait forty-five minutes before eating. (Docket no. 110). The undersigned concluded that the evidence suggested that Plaintiff's medical situation was not minor and that genuine issues of material fact remain as to whether Defendant Khan's treatment of Plaintiff's medical need was tantamount to no treatment at all, and whether that treatment amounted to deliberate indifference. (Docket no. 110). Defendant Kahn filed an objection to the Report and Recommendation. (Docket no. 115). On December 1, 2011 the Report and Recommendation was adopted over Defendant Khan's objections. (Docket no. 122).

On November 30, 2011 the Court entered a Scheduling Order setting March 30, 2012 as the dispositive motion cut-off to accommodate parties that had not yet filed a Motion for Summary Judgment. (Docket no. 119). On March 30, 2012 Defendant Kahn filed his second Motion for Summary Judgment. (Docket no. 145). The second motion makes many of the same arguments previously addressed by the Court. In addition, Defendant Kahn now argues that he believed Plaintiff would immediately be sent to the chow hall to eat as opposed to waiting forty-five minutes.

Defendant Kahn's second Motion for Summary Judgment was filed without leave of Court. E.D. Mich. LR 7.1(b)(2) states that "[a] party must obtain leave of court to file more than one motion for summary judgment." Ordinarily, the failure to obtain leave is fatal to a defendant's second Motion for Summary Judgment. *Murphy v. Lockhart*, No. 10-11676, 2011 WL 4577162, at *17 (E.D. Mich. Sept. 30, 2011).

2

Apart from Defendant Kahn's failure to seek leave before filing a second Motion for Summary Judgment, the evidence Defendant Kahn submits in support of the second motion simply confirms that factual issues remain for trial. As an example, Defendant Khan submits his affidavit which states: "[w]hen a patient is asymptomatic, the appropriate response to cure low blood sugar is to eat, and in Mr. Wagle's case he would be eating within forty-five minutes." (Docket no. 145, ex. B). He also submits the affidavit of endocrinologist Dr. David Erani, who states that low blood sugar readings, such as a reading of 55 mg/dl, should be treated immediately and then retested in 20 minutes, before insulin and a meal are provided. (Docket no. 151).

The Court should find that Defendant Khan's second Motion for Summary Judgment was filed in violation of LR 7.1(b)(2) and fails to resolve the factual issues remaining for trial. Accordingly, Defendant Khan's second Motion for Summary Judgment should be denied and Plaintiff's claim against Defendant Khan related to Defendant Khan's treatment of Plaintiff's June 26, 2009 low blood sugar episode should proceed to trial. Should this recommendation be adopted and the claim against Defendant Khan survive summary judgment, the undersigned recommends that this matter be referred to the Court's *pro bono* program to explore whether *pro bono* counsel will represent Plaintiff.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 15, 2012               s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Eddie Wagle and Counsel of Record on this date.

Dated: May 15, 2012               s/ Lisa C. Bartlett
                                  Case Manager