**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDDIE WAGLE,**

       **Plaintiff,**                             **CIVIL ACTION NO. 10-CV-10506**

  vs.

                                         **DISTRICT JUDGE NANCY G. EDMUNDS**

**MICHIGAN DEPARTMENT**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**OF CORRECTIONS, et. al,**

       **Defendants.**
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**FROM DEFENDANTS P.H.S. AND KHAN (DOCKET NO. 137)**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery from Defendants P.H.S. and Khan. (Docket no. 137). Defendant Khan filed a response. (Docket no. 142). All pretrial matters have been referred to the undersigned for decision. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). Plaintiff's motion is now ready for ruling.

Plaintiff served his First Request for Production of Documents to Defendant Prison Health Services, Inc. ("P.H.S.") on May 13, 2011. (Docket no. 137, ex. A). He served his Second Request for Production of Documents to Defendants P.H.S. and Khan on or around December 28, 2011. (Docket no. 137, ex. C). Defendants served timely objections to both sets of requests. Plaintiff now moves for an order compelling full and complete responses to his discovery requests.

On December 1, 2011 the Court dismissed Defendant P.H.S. from this lawsuit with prejudice. (Docket no. 122). Accordingly, Plaintiff's request for an order compelling Defendant

1

P.H.S. to respond to his First Request for Production of Documents is denied in it's entirely. Plaintiff's motion is also denied insofar as he seeks an order compelling P.H.S. to respond to Plaintiff's Second Request for Production of Documents.

As for Plaintiff's request to compel discovery from Defendant Khan, Plaintiff's Second Request for Production no. 1 asks Defendant Khan to produce a copy of the contract between the Michigan Department of Corrections and P.H.S. Defendant Khan objects to the request, in part, on the grounds that the contract is a matter of public record that should be available to Plaintiff from other sources. Federal Rule of Civil Procedure 34 permits a party to serve on another party a request to produce and permit the requesting party to inspect, copy, test, or sample the requested materials, so long as the requested materials are within the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The Court will order Defendant Khan to produce all documents responsive to Second Request no. 1 in compliance with Fed. R. Civ. P. 34 and amend his response to state whether he has produced all responsive documents within his possession, custody, or control.

Second Request no. 2 asks for all rules, regulations, or policies generated by P.H.S. from 2009 to the present that relate to prisoners with diabetes. The Court will order Defendant Khan to produce all documents responsive to Second Request no. 2 in compliance with Fed. R. Civ. P. 34 and amend his response to state whether he has produced all responsive documents within his possession, custody, or control.

Second Request no. 3 asks Defendant Khan to produce any memorandums prepared by P.H.S. or any employee of P.H.S. pertaining to prisoners with diabetes. The Court finds that this request is overbroad in terms of time and scope. Accordingly, the Court will deny Plaintiff's motion as to Second Request no. 3.

Second Request no. 4 asks Defendant Khan to produce all documents pertaining to Plaintiff. Defendant Khan responded to the request by stating that the only records he has within his possession, custody, or control that pertain to Plaintiff are Plaintiff's medical records. Defendant Khan further asserts that he is happy to produce the relevant medical records to Plaintiff provided Plaintiff will pay the costs of copying such records. The Court is satisfied with Defendant Khan's response to Second Request no. 4. Plaintiff's motion is denied as to this request.

Second Request no. 5 asks for all information that falls within Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Court finds that Second Request no. 5 is vague. Plaintiff's motion is denied as to this request.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Compel Discovery from Defendants P.H.S. and Khan (docket no. 137) is **GRANTED IN PART**, and on or before May 31, 2012 Defendant Khan must produce documents responsive to Plaintiff's Second Request for Production nos. 1 and 2 in compliance with Fed. R. Civ. P. 34 and amend his responses to these requests to state whether he has produced all responsive documents within his possession, custody, or control. In all other respects, Plaintiff's motion is denied.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: May 21, 2012                            s/ Mona K. Majzoub                            
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Eddie Wagle and Counsel of Record on this date.

Dated: May 21, 2012                            s/ Lisa C. Bartlett      
                                               Case Manager