**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDDIE WAGLE,**

       **Plaintiff,**                   **CIVIL ACTION NO. 10-CV-10506**

  vs.

                                    **DISTRICT JUDGE NANCY G. EDMUNDS**

**MICHIGAN DEPARTMENT**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**OF CORRECTIONS, et. al,**

       **Defendants.**
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT CMS (DOCKET NO. 138) AND DENYING PLAINTIFF'S MOTION TO COMPEL/SUBPOENA DISCOVERY FROM MDOC DEFENDANTS (DOCKET NO. 139)**

This matter comes before the Court on two motions. The first motion is Plaintiff's Motion to Compel Discovery from Defendant Correctional Medical Services, Inc. (CMS). (Docket no. 138). Defendant CMS filed a response. (Docket no. 141). The second motion is Plaintiff's Motion to Compel/Subpoena Discovery From Michigan Department of Corrections (MDOC) Defendants. (Docket no. 139). No response has been filed and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling.

1.    *Plaintiff's Motion to Compel Discovery from Defendant CMS*

Plaintiff moves for an Order compelling Defendant CMS to produce documents requested in Plaintiff's First Request for Production of Documents. Plaintiff shows that he served his First

1

Request for Production of Documents to Defendant CMS on May 13, 2011, seeking responses to six document requests. (Docket no. 138). Defendant CMS served written responses and objections to the requests on June 15, 2011. (Docket no. 141, ex. B). Plaintiff now moves for an Order compelling Defendant CMS to produce the documents Plaintiff has requested.

Document Request nos. 1, 2, and 5 ask Defendant CMS to provide information or documents pertaining to (a) the name of any doctor or person employed by Prison Health Services, Inc. (PHS) who is or was authorized to approve and/or provide prisoners with prescription shoes from January 2006 to the present, (b) the contract between PHS and the MDOC, and (c) memo's generated by PHS concerning the provision of Michigan prisoners with prescription or non-prescription shoes. Defendant CMS objected to the requests, stating in part that it does not have information or documents pertaining to the activities of PHS within its possession, custody, or control. In his motion Plaintiff argues that he mistakenly requested information from CMS that pertains to PHS when he instead meant to request information pertaining to Defendant CMS. Although Plaintiff recognized that he made a mistake, he does not argue or show that he served timely amended requests to Defendant requesting information pertaining to Defendant CMS. At the time the instant Motion to Compel was filed the discovery deadline had passed. (Docket no. 119). The Court will not rewrite Plaintiff's requests and compel a response after the close of discovery. The Court will deny Plaintiff's Motion to Compel further responses as to these requests.

Document Request nos. 3 and 4 ask for any rules, regulations or policies concerning (a) the treatment of prisoners with diabetes and (b) the provision of prescription shoes to prisoners with or without diabetes. Defendant CMS objected to the requests for a host of reasons, then responded by stating that it did not maintain any such documents within its possession, custody, or control. The

Court is satisfied with Defendant's response and will deny the motion.

Document Request no. 6 asks "[i]f any of the above mentioned documents or are not released please give reasons why [sic]." Defendant CMS objected to the request stating that it did not maintain any responsive documents in its possession, custody, or control. The Court will deny Plaintiff's Motion as to this request.

2.      *Plaintiff's Motion to Compel/Subpoena Discovery From MDOC Defendants*

Plaintiff filed a Motion to Compel/Subpoena Discovery from MDOC Defendants. The motion, which was filed and served after the MDOC Defendants were dismissed from this lawsuit, asks the Court to issue an order or subpoena compelling the MDOC Defendants to produce documents that Plaintiff requested in Plaintiff's Requests for Production of Documents dated July 28, 2011, December 28, 2011 and December 29, 2011. (Docket no. 139). Since the MDOC and MDOC Defendants were no longer parties to this action at the time the requests were served, Plaintiff was required to seek its documents by way of a subpoena for production of documents under Federal Rule of Civil Procedure 45. As provided in Rule 45(a)(3), the clerk of the court "must issue a subpoena, signed but otherwise in blank, to a party who requests it" and that party must complete it before service. Fed. R. Civ. P. 45(a)(3). The instant motion was filed after the close of discovery and Plaintiff has not shown that he requested a subpoena from the clerk's office. The Court will not issue a subpoena, particularly after the close of discovery, or compel the MDOC or its employees to provide information or documents that were not properly sought. *See Anthony v. Owen*, No. 07-10351, 2012 WL 691756, at *2 (E.D. Mich. March 1, 2012). Accordingly, the Court will deny Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery from

Defendant Correctional Medical Services, Inc. (CMS) (docket no. 138), and Plaintiff's Motion to Compel/Subpoena Discovery From MDOC Defendants (docket no. 139) are **DENIED** for the reasons stated herein.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 9, 2012         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Eddie Wagle and Counsel of Record on this date.

Dated: October 9, 2012         s/ Lisa C. Bartlett
                               Case Manager

4