UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE WAGLE,

       Plaintiff,                     CIVIL ACTION NO. 10-CV-10506

  vs.                                DISTRICT JUDGE NANCY G. EDMUNDS

B. SKUTT, et al.,              MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendant Correctional Medical Services, Inc. (docket no. 147) be **GRANTED** and Plaintiff's complaint be dismissed.

**II.** **REPORT**:

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Correctional Medical Services, Inc. (CMS). (Docket no. 147). Plaintiff has filed a response to the motion. (Docket no. 153). Defendant CMS filed a reply. (Docket no. 156). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.** **Facts and Procedural History**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Thumb Correctional Facility ("TCF") in Lapeer, Michigan. Plaintiff alleges that Defendant CMS was a medical service provider for the Michigan Department

1

of Corrections when the events giving rise to Plaintiff's claims occurred.

Plaintiff, an insulin-dependent diabetic, alleges that Defendant CMS instructed prison health care staff not to provide Plaintiff with a prescription or special order shoe as an accommodation for his diabetes. (Docket no. 1, ¶ 48). He further states that Defendant CMS conspired with other Defendants to withhold from him proper fitting athletic shoes. (Docket no. 1, ¶ 50). He claims more generally that the MDOC and its employees, and the health care providers and their employees, have conspired to provide diabetic inmates including himself with the least amount of care possible, and have engaged in a pattern of deliberate indifference to his diabetes care. (Docket no. 1, ¶¶ 61, 65). Finally, he maintains that he experienced a high blood sugar episode in 2003 and a low blood sugar episode in 2009 which were not properly treated. (Docket no. 1 at pp. 11, 13).

On January 31, 2011, in response to a Motion to Dismiss filed by Defendant CMS, the Court dismissed Plaintiff's conspiracy claims along with the claims related to the 2003 blood sugar episode. (Docket no. 64). The only claim that remains against Defendant CMS is a § 1983 deliberate indifference claim. With regard to that claim, Plaintiff alleges that the MDOC, its health care providers, and employees have set a pattern of deliberate indifference to his diabetes care, and have set upon a course to provide Plaintiff and other diabetics with the least amount of care possible in violation of the Eighth Amendment. (Docket no. 1 at ¶¶ 61, 65). In addition, Plaintiff's assertion that Defendant CMS instructed prison health care staff not to provide Plaintiff with a prescription or special order shoe also remains.

**B.     Standard**

Defendant CMS moves for entry of summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no

2

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* In determining whether there are issues of fact for trial, the inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

Plaintiff avers that Defendant CMS directed its employees to refuse to provide Plaintiff with properly fitted prescription shoes, established a pattern of deliberate indifference to his diabetes care, and set upon a course to provide Plaintiff and other diabetics with the least amount of care possible. To establish § 1983 liability against Defendant CMS, Plaintiff must show that CMS implemented a policy, custom, or practice that caused a deprivation of Plaintiff's rights. *Starcher v. Corr. Med. Sys., Inc.*, 7 Fed.Appx. 459, 465 (6th Cir. 2001); *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (a plaintiff must identify the policy, connect the policy to the defendant and show that the particular injury was caused because of the execution of that policy).

Plaintiff has not identified a formal policy at issue in this case. Indeed, in its earlier Report and Recommendation resolving Defendant CMS's Motion to Dismiss, this Court observed that the

3

complaint does not identify or even allege the existence of any official policy of Defendant CMS that was the moving force behind the alleged constitutional violations. (Docket no. 48, 64). The Court observed that is was incumbent upon Plaintiff to demonstrate that CMS maintained a custom or practice of unconstitutional conduct. "A 'custom' for purposes of *Monell* liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.' " *Doe v. Claiborne Cnty., Tenn.,* 103 F.3d 495, 507 (6th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

This Court previously found that the evidence in this case demonstrated that Plaintiff was provided with regular medical care and treatment, with education on his diabetes care, with encouragement to maintain a source of glucose in his cell, with instruction to contact healthcare if he experienced low blood sugar readings, and with special accommodation shoes. (Docket no. 110). Indeed, the Court concluded that there were no triable issues of fact concerning Plaintiff's allegations that Prison Health Services, Inc. directed its employees to refuse to provide Plaintiff with properly fitted prescription shoes, established a pattern of deliberate indifference to his diabetes care, or set upon a course to provide Plaintiff and other diabetics with the least amount of care possible. (Docket no. 110, 122).

Nothing in the present motion changes the Court's analysis as it pertains to Defendant CMS. The record shows that immediately upon transfer to TCF Plaintiff was medically evaluated, his blood sugar was checked among other things, he was scheduled to have his blood drawn for a Hemoglobin A1C test, and he was given a medical detail for the diabetic line for daily Accucheck and insulin administration. (Docket no. 148, ex. C at pp. 1499, 1502). At the same time the medical practitioner conducted a physical examination and documented that Plaintiff had a normal foot exam

4

with no detected abnormalities.  (Docket no. 148, ex. C at p. 1501).  Plaintiff was scheduled for a follow-up examination in the Endocrine Clinic.

Plaintiff's medical record shows that he reported twice daily to the diabetic line for blood sugar checks.  (Docket no. 148, ex. D).  If Plaintiff's blood sugar level was not within normal limits during his daily checks, corrective action was taken.  For example, Plaintiff was given eight units of insulin on the evening of November 12, 2008 to correct a high blood sugar reading of 368 mg/dl.  (Docket no. 148, ex. D at p. 62).  On a separate occasion, Plaintiff's blood sugar reading was 60 mg/dl and he reported that he was experiencing signs and symptoms of hypoglycemia, so he was escorted to the dining hall for an immediate meal.  (Docket no. 148, ex. D at p. 89).  On a different date, Plaintiff's Accucheck blood sugar reading showed a blood sugar of 36 mg/dl.  On that day he was immediately given glucose, escorted to the dining hall for a meal, after which his blood sugar was rechecked to ensure that it was within normal limits.  (Docket no. 148, ex. D at p. 108-09).

In addition to daily blood sugar monitoring and insulin administration, Plaintiff was provided with dietary advice and he was instructed to submit a kite if he felt he needed to discuss any adjustments to his insulin dosage.  (Docket no. 148, ex. D at pp. 172, 217).  Plaintiff was also provided with a glucometer for self use as needed, educated on the use of the glucometer, and instructed to notify his unit officer and health care if his blood sugar readings were low or high, or if he was experiencing signs or symptoms of high or low blood sugar.  (Docket no. 148, ex. D at pp. 304-05).  As previously indicated, Plaintiff was scheduled for monitoring and follow-up in the Endocrine Chronic Care Clinic.

Plaintiff maintains that the Court should deny Defendant CMS's Motion for Summary Judgment because he has been denied discovery by Defendant CMS and the Michigan Department

of Corrections (MDOC). He also states by way of declaration that his verified complaint and the grievances attached as exhibit N to the complaint are evidence of a long pattern of deliberate indifference by Defendant CMS and its employees. (Docket no. 153, ex. A).

Rule 56(d) of the Federal Rules of Civil Procedure states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiff submitted a declaration stating that the MDOC and Defendant CMS refused to cooperate with his discovery requests. He also declares that grievances attached to his verified complaint demonstrate that Defendant CMS supported a custom, practice, or policy to provide him with minimal care in violation of the Eighth Amendment. (Docket no. 153). His declaration further states that the MDOC Medical Service Advisory Committee Shoe Guidelines demonstrate that Plaintiff was eligible for shoes in accordance with MDOC policy.

Plaintiff filed a Motion to Compel Discovery from Defendant CMS in March 2012 after the close of discovery. (Docket no. 138). The motion reveals that Plaintiff served his First Request for Production of Documents from Defendant CMS on May 13, 2011, seeking responses to six document requests. (Docket no. 138). The Court reviewed Plaintiff's motion and Defendant's response and denied the motion for the reasons that three of the six requests asked CMS to provide information or documents pertaining to Prison Health Services, Inc. rather than CMS, and because Defendant CMS stated that it did not have any documents in its possession, custody, or control responsive to the remaining three requests.

Plaintiff also filed a Motion to Compel/Subpoena Discovery from MDOC Defendants. The

motion, which was served after the MDOC Defendants were dismissed from this lawsuit, asked the Court to issue an order or subpoena compelling the MDOC to produce documents that Plaintiff requested in Plaintiff's Requests for Production of Documents. (Docket no. 139). The Court found that Plaintiff was required to proceed under Federal Rule of Civil Procedure 45 which states that the clerk of the court "must issue a subpoena, signed but otherwise in blank, to a party who requests it" and that party must complete it before service. Fed. R. Civ. P. 45(a)(3). The Court denied Plaintiff's motion because discovery was closed and because there was no indication that Plaintiff sought the relevant subpoenas from the clerk's office.

As for Plaintiff's contention that MDOC's Medical Service Advisory Committee Shoe Guidelines demonstrate that Plaintiff was eligible for shoes because he has advanced diabetes, the guidelines attached to Plaintiff's response to Defendant CMS's Motion for Summary Judgment state that tennis shoes may be approved for diabetics who have vascular or neurologic complications associated with their condition. (Docket no. 153, ex. B). "Diabetics who do not have vascular and/or neurologic changes as yet can be handled by a proper fitting shoe and do not need tennis shoes." (Docket no. 153, ex. B). There is no evidence in the record to show that Plaintiff suffered from vascular and/or neurologic complications as a result of his diabetes. There is also no evidence to show that Defendant CMS instructed health care staff not to provide Plaintiff with special shoe accommodation. Moreover, the Court has previously ruled in this case that the evidence does not show that the condition of Plaintiff's feet presents a sufficiently serious medical need for purposes of Plaintiff's Eighth Amendment claim pertaining to his shoe accommodation. (Docket no. 110).

The Court is not persuaded that Plaintiff's verified complaint, the grievances attached to the complaint, or the arguments and exhibits attached to Plaintiff's response to the Motion for Summary

Judgment raise a genuine issue of material fact for trial.  Rather, the medical record shows and this Court previously found that Plaintiff was provided with regular and appropriate medical care and treatment for his diabetes and foot condition.  The Court should conclude that there are no triable issues of fact concerning Plaintiff's allegations against Defendant CMS.  Accordingly, Defendant CMS's motion should be granted with the exception that its request for costs and attorney fees should be denied.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: October 11, 2012         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Eddie Burt Wagle and Counsel of Record on this date.


Dated: October 11, 2012         s/ Lisa C. Bartlett
                                Case Manager

9